PAUL J. COUCHOT State Bar No. 131934
PETER W. LIANIDES - State Bar No. 160517
CHARLES LIU – State Bar No. 190513
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtors and Debtors-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:08-17209 ES |
| SunCal Beaumont Heights, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 1015(b); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS IN SUPPORT THEREOF** |
| | [No Hearing Required per Local Bankruptcy Rule 2081-1(g)] |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

1  The above entitled debtor and debtor-in-possession ("Debtor"), hereby moves the Court,
2  pursuant to Local Bankruptcy Rule 2081-1(g), on an emergency basis, for an order granting the
3  following relief:

4      A.    Authorizing the joint administration of the following related chapter 11 cases:

| Debtor Name | Case No. |
|---|---|
| Palmdale Hills Property, LLC | 8:08-bk-17206-ES |
| SunCal Beaumont Heights, LLC | 8:08-bk-17209-ES |
| SCC/Palmdale, LLC | 8:08-bk-17224-ES |
| SunCal Johannson Ranch, LLC | 8:08-bk-17225-ES |
| SunCal Summit Valley, LLC | 8:08-bk-17227-ES |
| SunCal Emerald Meadows LLC | 8:08-bk-17230-ES |
| SunCal Bickford Ranch, LLC | 8:08-bk-17231-ES |
| Acton Estates, LLC | 8:08-bk-17236-ES |
| Seven Brothers LLC | 8:08-bk-17240-ES |
| SJD Partners, Ltd. | 8:08-bk-17242-ES |
| SJD Development Corp. | 8:08-bk-17245-ES |
| Kirby Estates, LLC | 8:08-bk-17246-ES |
| SunCal Communities I, LLC | 8:08-bk-17248-ES |
| SunCal Communities III, LLC | 8:08-bk-17249-ES |

20  Each of the above chapter 11 debtors are hereinafter collectively referred to as the "Related
21  Debtors".[1]  The proposed joint administration shall include the following:
22      C.    Such other and further relief as the Court deems just and proper.
23  The Related Debtors have determined that the most efficient and effective manner in which
24  to administer their respective chapter 11 cases is to seek an order authorizing joint administration.
25  Joint administration of these cases will also allow the Related Debtors to benefit from increased
26  efficiency because they will not be required to review and separately respond to similar motions,
27
28

---

[1] An identical motion is being filed in each of the chapter 11 cases.

-2-

1 | disclosure statements, and other papers that would otherwise be filed in the separate cases. Joint
2 | administration will potentially save the Related Debtors' estates thousand of dollars in
3 | administrative fees and costs, as well as save this Court numerous hours in setting and hearing
4 | matters and in reviewing two separate sets of virtually identical pleadings.

5 |      The Related Debtors do <u>not</u> request substantive consolidation of their cases at this time.
6 | Nothing contained in this Motion is intended to compel substantive consolidation of the assets of
7 | the Related Debtors' respective estates or to modify the Related Debtors' ownership interests in
8 | the Projects. Since the Related Debtors request only joint administration of these cases, no
9 | substantive rights will be prejudiced by the relief requested herein, and no conflicts will result
10 | therefrom. In the event a substantive consolidation of the assets and liabilities of the Related
11 | Debtors' estates is warranted, the Related Debtors will bring a separate motion requesting such
12 | relief.

13 |      This Motion is based on the attached Memorandum of Points and Authorities, the
14 | Declaration of Bruce V. Cook (the "Cook Declaration"), the Couchot Declaration, and all
15 | pleadings, papers and records on file with the Court, and such other evidence, oral or documentary,
16 | as may be presented to the Court with respect to this Motion.

17 |      Pursuant to Local Bankruptcy Rule 2081-1(g), the Court may order the joint administration
18 | of the Related Debtors without notice or a hearing.

DATED: November 7, 2008

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: */s/ Paul J. Couchot*
    Paul J. Couchot
    [Proposed] Reorganization Counsel for the
    Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND OF RELATED DEBTORS

A. **Events Precipitating Chapter 11 Filings**.

The Related Debtors were formed to develop various residential real estate projects located throughout the western United States (the "Projects"). Pursuant to various agreements with Lehman Brothers Holding, Inc., a Delaware corporation ("Lehman Holdings"), and Lehman Ali, Inc., a Delaware corporation ("Lehman Ali"), dated May 23, 2008 (the "Agreements"), Lehman Holdings and Lehman Ali committed, among other things, to fund the continuing costs necessary to preserve the value of the Projects, which had already received loans from Lehman Ali and/or Lehman Commercial Paper totaling approximately $2.3 billion.[2] The amounts previously loaned by Lehman and to be advanced by Lehman pursuant to the Agreement are all secured by, among other things, first priority trust deeds on the Projects.[3]

Since the bankruptcy filing of Lehmann Brothers Holding Inc., Lehman has breached its obligations under the Agreement by failing to fund the ongoing, critical expenses of the Projects. As a result, the Projects have suffered, and continue to suffer catastrophic losses, and the public safety and health has been endangered.

Representatives of the Related Debtors have tried for weeks to determine the status of Lehman's commitment by notifying Lehman of the Projects' condition and requesting that Lehman resume funding the Projects. During these weeks, the Related Debtors' requests have been essentially met with inaction from Lehman. Recently, Lehman representatives have confirmed that the requested funding is not forthcoming.

In order to address the multitude of issues caused by Lehman's failure to honor its obligations under the Agreement, the Related Debtors believe that relief under Chapter 11 of the Bankruptcy Code was necessary. The Related Debtors filed voluntary petitions for relief under

---

[2] This amount includes loans on approximately nine other projects that are not currently Related Debtors because Lehman controlled entities are equity holders that have not provided their required consent to the Chapter 11 petitions.

[3] Lehman Commercial Paper, Lehman Holdings and Lehman are hereinafter collectively referred to as "Lehman".

1  Chapter 11 of the Bankruptcy Code on November 6, 2008.[4] The Related Debtors believe that it is
2  in the best interest of their estates to jointly administer their chapter 11 cases, as set forth in this
3  Motion.

## II.

## JOINT ADMINISTRATION OF THE RELATED DEBTORS' CASES WOULD YIELD SUBSTANTIAL ADMINISTRATIVE BENEFITS

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (See 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses)), there is no provision in the Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Code. Bankruptcy Rule 1015 provides, inter alia:

> (b)   Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates.
>
> * * *
>
> (c)   Expediting and Protective Orders. When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015(b) and (c).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See 9 Collier on Bankruptcy, ¶ 1015.03 (15th ed. rev. 2004); See also In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re H & S Transportation Co., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory Committee Note to Rule 1015:

---

[4] There are three previously pending bankruptcy cases before the United States Bankruptcy Court for the Central District of California, Santa Ana Division, involving affiliates of the SCC Entities, Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES. These affiliated entities are not part of this Motion.

-5-

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The noted treatise on bankruptcy law, Collier on Bankruptcy, provides as follows:

> In each of these situations, the affairs of the related debtors may be sufficiently intertwined to make joint administration more efficient and economical than separate administration. Typically, an order for joint administration will mean the appointment of a single trustee or, in a chapter 11 case, a single creditors' committee, rather than a trustee and committee for each related case. Obviously, this can lead to substantial efficiencies and savings of estate funds. ***
> Joint administration is common when a consolidated group of corporations files for bankruptcy relief. Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts.

9 Collier on Bankruptcy, ¶ 1015.03 (15th ed. rev. 2008) (emphasis added).

In this regard, the Court in Matter of Steury, 94 B.R. 553 (Bankr. N.D. Ind. 1988), stated as follows:

> Joint administration is a creature of procedural convenience. It is justified by the laudable desire to avoid the wasting of resources, which would result through the duplication of effort if cases involving related debtors were to proceed entirely separately.

Id. at 553. See also, David G. Epstein, et al., Bankruptcy, § 2-4 (1992) ("Joint administration does not affect the substantive rights of creditors and other interested parties. In joint administration, unlike substantive consolidation, the estate of each debtor is kept separate and distinct and inter-entity claims survive. The creditors of each jointly administered entity may look only to the assets of their debtor.").

As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

> (1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
> (2) the combining of notices to creditors and parties in interest;
> (3) the scheduling of hearings;
> (4) financial reporting by the Debtors;

   (5) the joint and several liability of the estates for administrative expenses; and

   (6) the joint handling of other administrative matters.

See, Collier on Bankruptcy, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted in Collier on Bankruptcy 15th Ed. Rev. (2001).

  The Related Debtors' cases present the classic situation for joint administration. Each member this group anticipates that numerous similar, if not identical, applications, motions and orders will be involved in each of their cases. To a great extent, for each set of pleadings to be filed in the Related Debtors' cases, the only material differences between each pleading will be in the captions; since substantive matters affecting one estate typically will affect the other estate. Without joint administration, separate pleadings must be filed in each matter, and unnecessary duplication will need to be done at substantial cost to the estates -- all without any additional benefit to creditors or interest holders. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Related Debtors were to proceed separately. The creditors of each member of the Related Debtors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases.

  Joint administration will also permit each of the Related Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases. Moreover, through joint administration of Related Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for numerous duplicative pleadings in each case.

  Finally, the Related Debtors proposes that they be jointly liable for administrative professional fees and expenses. All fees and expenses would be charged to the main case and only one joint fee application need be filed by any professional. Joint administration will substantially reduce the costs of administering the Related Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets and billing.

## III.

## NO NOTICE OR HEARING IS REQUIRED

Local Bankruptcy Rule 2081-1(g) expressly provides that the Court can order joint administration without a hearing:

> **(g) MOTIONS FOR JOINT ADMINISTRATION OF CASES PENDING IN THE SAME COURT.**
> If 2 or more petitions are pending before the same judge by or against a partnership and any of its general partners, 2 or more general partners, or a debtor and an affiliate, the court may, order the joint administration of the estates, **without notice or a hearing. An order of joint administration may be entered upon the filing of a motion for joint administration**, together with a declaration establishing that the joint administration of the respective debtors' estates is warranted, will ease the administrative burden for the court and the parties, and protect creditors of the different estates against potential conflicts of interest. Joint administration pursuant to this Local Bankruptcy Rule shall not effect a substantive consolidation of the respective debtors' estates.

Local Bankruptcy Rule 2081-1(g) (emphasis added).

Accordingly, pursuant to Local Bankruptcy Rule 2081-1(g), the Court may order the joint administration of the Related Debtors without notice or a hearing.

## IV.

## CONCLUSION

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies. Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy case so that the debtor in possession can emerge quickly and begin distributions to creditors. Both of these goals will be furthered by permitting the joint administration of the Related Debtors' cases as sought in this Motion.

Based upon the foregoing arguments and authorities and the evidence before this Court, the Debtor respectfully submits that the Court should enter an order authorizing joint administration of the Related Debtors' estates, including:

1. Authorizing the Related Debtors to use a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

2. Authorizing the Related Debtor to combine notices to creditors and parties in interest;

-8-

3. Authorizing the Related Debtors to schedule joint hearings;

4. Authorizing joint and several liability of the estates of the Related Debtors for post-petition professional fees and expenses, and the consolidated billing of professional fees; and

5. Authorizing joint handling of other administrative matters for the Related Debtors.

6. Authorizing the use of the caption attached as Exhibit "1" to the Declaration of Paul J. Couchot (the "Couchot Declaration") appended hereto;

DATED: November 7, 2008                     **WINTHROP COUCHOT**
                                            **PROFESSIONAL CORPORAITON**


                                            By: */s/ Paul J. Couchot*
                                                Paul J. Couchot
                                            [Proposed] Reorganization Counsel for Debtor
                                            and Debtor-in-Possession

## DECLARATION OF PAUL J. COUCHOT

I, Paul J. Couchot, hereby declare and state as follows:

1. I am a shareholder of the law firm of Winthrop Couchot Professional Corporation, proposed reorganization counsel for the following Related Debtors:

| Debtor | Case No. |
| --- | --- |
| Palmdale Hills Property, LLC | 8:08-17206 ES |
| SunCal Beaumont Heights, LLC | 8:08-17209 ES |
| SCC/Palmdale, LLC | 8:08-17224 ES |
| SunCal Johannson Ranch LLC | 8:08-17225 ES |
| SunCal Summit Valley LLC | 8:08-17227 ES |
| SunCal Emerald Meadows LLC | 8:08-17230 ES |
| SunCal Bickford Ranch LLC | 8:08-17231 ES |
| Acton Estates, LLC | 8:08-17236 ES |
| Seven Brothers LLC | 8:08-17240 ES |
| SJD Partners, Ltd. | 8:08-17242 ES |
| SJD Development Corp. | 8:08-17245 ES |
| Kirby Estates, LLC | 8:08-17246 ES |
| SunCal Communities I, LLC | 8:08-17248 ES |
| SunCal Communities III, LLC | 8:08-17249 ES |

2. Each of the Related Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 6, 2008 or November 7, 2008.

3. I believe that joint administration will substantially reduce the costs of administering the Related Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, for each set of pleadings to be filed in the Related Debtors' cases, the only material differences between each pleading will be in the captions; since substantive matters affecting one estate typically will affect the other estate. Without joint

-10-

administration, separate pleadings must be filed in each matter, and unnecessary copying will need to be done at substantial cost to the estates -- all without any additional benefit to creditors or interest holders.

4. As set forth in the Motion, there is substantial overlap with respect to the Related Debtors. In light of this overlap, I believe that joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with multiple sets of differently-captioned but otherwise identical papers. The relief proposed herein will enable these business entities to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

5. By jointly administering the Related Debtors' estates, creditors will receive appropriate notice of matters involving each of the Related Debtors, thereby ensuring that creditors are fully informed of matters potentially affecting their claims. In short, joint administration of the Related Debtors' cases, including (i) the use of a single pleadings docket, (ii) the combining of notices to creditors of the different estates, (iii) joint and several liability of the estates of the Related Debtors for post-petition professional fees and expenses, and the consolidated billing of professional fees and (iv) the joint handling of other purely administrative matters will aid in expediting the cases and rendering the process substantially less costly, without prejudicing the substantive rights of any creditor.

6. I believe that the creditors of the Related Debtors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. Joint administration will potentially save the Related Debtors' estates thousand of dollars in administrative fees and costs, as well as save this Court numerous hours in setting and hearing matters and in reviewing two separate sets of virtually identical pleadings.

7. The Related Debtors propose that all pleadings relating to the Related Debtors' cases shall contain a joint caption in substantially the form attached hereto as Exhibit "1," and that

1  all such pleadings shall be filed and maintained under the existing docket of the lead case,
2  Palmdale Hills, Property, LLC.
3      8.    Nothing contained in the Motion is intended to compel substantive consolidation of
4  the Related Debtors' respective estates.  Since the Related Debtors request only joint
5  administration of these cases, approval of the Motion is the best manner in which to effectually
6  and efficiently administer the respective estates.  In the event a substantive consolidation of the
7  assets and liabilities of the Related Debtors' estates is warranted, the Related Debtors will bring a
8  separate motion requesting such relief.
9      9.    Accordingly, for the reasons set forth in the Motion, I believe that it is in the best
10 interest of the estates to jointly administer these cases, as set forth in this Motion.
11     I declare under penalty of perjury under the laws of the United States of America that the
12 foregoing is true and correct.
13     Executed this 7th day of November 2008, at Newport Beach, California.

                                              */s/ Paul J. Couchot*
                                              Paul J. Couchot

## DECLARATION OF BRUCE V. COOK

I, Bruce V. Cook hereby declare and state as follows:

1. I am the General Counsel for SunCal Management, LLC and SCC Acquisitions, Inc., which are either direct or indirect equity holders of the "Related Debtors" set forth herein. The matters stated herein are within my own knowledge and, if called as a witness, I could and would competently testify thereto.

2. I have general knowledge of the Related Debtors' books and records, and I am familiar with the Related Debtors' financial and operational affairs. As to the following facts, I know them to be true of my own knowledge, or I have gained such knowledge from the business records of the Related Debtors which were made at or near the time of the acts, conditions or events to which they relate. Any such document or record was prepared in the ordinary course of business by a person who had personal knowledge of the event being recorded and had a business duty to accurately record such event.

3. I submit this declaration in support of the *Debtors' Emergency Motion for Order Authorizing Joint Administration of Related Cases Pursuant to 11 U.S.C. § 105 and Bankruptcy Rule 1015(b)* (the "Motion"). I am authorized by the Related Debtors to submit this Declaration. By the Motion, the Related Debtors request an order authorizing the joint administration of the following related chapter 11 cases:

| Debtor | Case No. |
| --- | --- |
| Palmdale Hills Property, LLC | 8:08-17206 ES |
| SunCal Beaumont Heights, LLC | 8:08-17209 ES |
| SCC/Palmdale, LLC | 8:08-17224 ES |
| SunCal Johannson Ranch LLC | 8:08-17225 ES |
| SunCal Summit Valley LLC | 8:08-17227 ES |
| SunCal Emerald Meadows LLC | 8:08-17230 ES |
| SunCal Bickford Ranch LLC | 8:08-17231 ES |
| Acton Estates, LLC | 8:08-17236 ES |

-13-

| | | |
|---|---|---|
| 1 | Seven Brothers LLC | 8:08-17240 ES |
| 2 | SJD Partners, Ltd. | 8:08-17242 ES |
| 3 | SJD Development Corp. | 8:08-17245 ES |
| 4 | Kirby Estates, LLC | 8:08-17246 ES |
| 5 | SunCal Communities I, LLC | 8:08-17248 ES |
| 6 | SunCal Communities III, LLC | 8:08-17249 ES |

4. The Related Debtors were formed to develop various residential real estate projects located throughout the western United States (the "Projects"). Pursuant to various agreements with Lehman Brothers Holding, Inc., a Delaware corporation ("Lehman Holdings"), and Lehman Ali, Inc., a Delaware corporation ("Lehman Ali"), dated May 23, 2008 (the "Agreements"), Lehman Holdings and Lehman Ali committed, among other things, to fund the continuing costs necessary to preserve the value of the Projects, which had already received loans from Lehman Ali and/or Lehman Commercial Paper totaling approximately $2.3 billion. This amount includes loans on nine other projects owned by entities that are not currently in Chapter 11 proceedings because Lehman related entities are equity holders that have refused to consent to the Chapter 11 petitions. The amounts previously loaned by Lehman and to be advanced by Lehman pursuant to the Agreement are all secured by, among other things, first priority trust deeds on the Projects. Lehman Commercial Paper, Lehman Holdings and Lehman are hereinafter collectively referred to as "Lehman".

5. Since the bankruptcy filing of Lehmann Brothers Holding Inc., Lehman has breached its obligations under the Agreement by failing to fund the ongoing, critical expenses of the Projects. As a result, the Projects have suffered, and continue to suffer, catastrophic losses, and the public safety and health has been endangered.

6. Representative of the Related Debtors have tried for weeks to determine the status of Lehman's commitment by notifying Lehman of the Projects' condition and requesting that Lehman resume funding the Projects. During these weeks, the Related Debtors' requests have been essentially met with inaction from Lehman. Recently, Lehman representatives have confirmed that the requested funding is not forthcoming.

7. In order to address the multitude of issues caused by Lehman's failure to honor its obligations under the Agreement, the Related Debtors believe that relief under Chapter 11 of the Bankruptcy Code was necessary. The Related Debtors believe that it is in the best interest of their estates to jointly administer their chapter 11 cases, as set forth in this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of November, 2008, at Irvine, California.

/s/ *Bruce V. Cook*
Bruce V. Cook

PAUL J. COUCHOT State Bar No. 131934
PETER W. LIANIDES - State Bar No. 160517
CHARLES LIU – State Bar No. 190513
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
the Jointly Administered Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re | Case No. 8:08-bk-17206-ES |
|---|---|
| Palmdale Hills Property, LLC, and its Related Debtors.<br><br>Jointly Administered Debtors and Debtors-in-Possession | Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES<br>8:08-bk-17224-ES; 8:08-bk-17242-ES<br>8:08-bk-17225-ES; 8:08-bk-17245-ES<br>8:08-bk-17227-ES; 8:08-bk-17246-ES<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES<br>8:08-bk-17249-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC,<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale,<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows LLC<br>☐ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC | Chapter 11 cases |

# EXHIBIT "1"

# CERTIFICATE OF SERVICE

I, Jeannie Martinez, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 660 Newport Center Drive, 4th Floor, Newport Beach, California 92660, in said County and State. On November 10, 2008 I served the following document: **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 1015(b); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS IN SUPPORT THEREOF** on each of the interested parties (**stated on the attached service list/as follows**):

Michael.Hauser@usdoj.gov

by the following means of service:

☒ **BY ELECTRONIC MAIL:** On the date set forth above, from Newport Beach, California, I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed. A return receipt was requested at the time of the transmission of each such document and I did not receive a notice of failure of receipt of each such document.

☒ I am employed in the office of Winthrop Couchot Professional Corporation; Paul J. Couchot is a member of the bar of this court.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2008.

/s/ Jeannie Martinez
**Jeannie Martinez**

-17-